**Deborah Ann SCHERMAN,
Plaintiff–Appellant,**

v.

**NEW YORK STATE BANKING
DEPARTMENT, Defendant–
Appellee.**

**Nos. 10–3868, 10–3875.**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2011.

Deborah Ann Scherman, pro se, Toby-hanna, PA, for Appellant.

Matthew W. Grieco, Assistant Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, for Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and GERARD E. LYNCH, Circuit Judges.

## SUMMARY ORDER

Appellant Deborah Ann Scherman, proceeding *pro se,* appeals from separate district court judgments (1) granting the motion of the New York State Banking Department to dismiss her employment discrimination complaint raising claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.,* for lack of subject matter jurisdiction; and (2) *sua sponte* dismissing for lack of subject matter jurisdiction her employment discrimination complaint raising claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the dismissal of a complaint for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(b)(1), we review factual findings for clear error and legal conclusions *de novo. See Morrison v. Nat'l Austl. Bank Ltd.,* 547 F.3d 167, 170 (2d Cir.2008). Additionally, we review *de novo* the *sua sponte* dismissal of a complaint for lack of subject matter jurisdiction. *See Digitel, Inc. v. MCI Worldcom, Inc.,* 239 F.3d 187, 190 (2d Cir.2001).

Liberally construed, Scherman's briefs appear to dispute the district court's application of Eleventh Amendment state sovereign immunity to bar her claims. Having conducted an independent and *de novo* review of the record and case law, we affirm the district court's judgments for substantially the same reasons stated by the district court in its decisions issued in S.D.N.Y. No. 09–cv–2476 and S.D.N.Y. No. 10–cv–1246 and by the magistrate judge in S.D.N.Y. No. 09–cv–2476. Any other challenges to the judgments on appeal have been abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that issues not raised in a *pro se* brief were abandoned). Although the district court did not conclude that granting Scherman leave to amend her complaints would have been futile, *see Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991), we have reached that conclusion independently.

Accordingly, the judgment of the district court is hereby **AFFIRMED.**

Additionally, Scherman's motion to supplement the record is hereby **DENIED,** as she has failed to make the required showing for supplementation of the record, *see* FED. R.APP. P. 10(e)(2), and, in any event, the supplemental documents would not change the result.